1  LAW OFFICES OF ALAN E. FERGUSON
   Alan E. Ferguson, Esq., State Bar No. 103677
2  3200 Fourth Avenue, Suite 207
   San Diego, CA  92103-5716
3  PH: 619-299-4999       **NUNC PRO TUNC**
   FAX: 619-299-8121
4                                              **JUN 18 2008**

5  Attorney for Material Witnesses

FILED

2008 JUN 19  PM 1:53

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____ KWH_____DEPUTY

6

7

8              **UNITED STATES DISTRICT COURT**

9             **SOUTHERN DISTRICT OF CALIFORNIA**

10  UNITED STATES OF AMERICA,        )      Case  No. 08cr1696-H
                                     )
11                    Plaintiff,     )      STIPULATION & ORDER TO SET
                                     )      VIDEOTAPED DEPOSITIONS OF
12  v.                               )      MATERIAL WITNESSES: VALENTIN
                                     )      GONZALEZ-MIRANDA; EMMANUEL
13  Francisco Zapot-Palacios         )      SANCHEZ-RUBIO; & CANDIDO
                                     )      MUNOZ- PALACIOS
14  _____Defendant._____)

15       IT IS HEREBY STIPULATED BY AND BETWEEN THE PARTIES, that:

16       1.     The material witnesses being held in custody in case number 08cr1696-H, namely

17  Valentin Gonzalez-Miranda; Emmanuel Sanchez-Rubio; and Candido Munoz-Palacios (hereinafter,

18  "Material Witnesses"), shall be deposed on June 30, 2008, beginning at 10:30 a.m. The depositions

19  shall be held at the Office of the United States Attorney located at 880 Front Street, Fifth Floor, San

20  Diego, California.

21       2.     All parties, meaning the United States and the defendant(s), shall attend the material

22  witness deposition. The arresting agency shall bring the Material Witnesses to the deposition. If,

23  in custody, the defendant  shall be brought separately to the deposition and a United States Marshal

24  shall remain present during the proceeding.

25       3.     The U.S. Attorney's Office shall provide a videotape operator ("operator") and if

26  necessary,  arrange for a court-certified interpreter to be present for the Material Witness(es).  The

27  cost of the interpreter for the Material Witness(es) shall be borne by the United States Attorney's

28  Office.

4.     If the defendant needs an interpreter other than the interpreter for the Material Witness(es) (if any), then defense counsel shall arrange for a court-certified interpreter to be present. The cost of a separate interpreter for the defendant(s) shall be paid by the Court.

5.     The United States Attorney's Office shall arrange for a certified court reporter to be present at the deposition. The court reporter shall stenographically record the testimony, serve as a notary and preside at the deposition in accordance with Rule 28(a) of the Federal Rules of Civil Procedure. The cost of the court reporter shall be borne by the United States Attorney's Office.

6.     The deposition shall be recorded by videotape, meaning a magnetic tape that records sound as well as visual images. At the conclusion of the deposition, on the record, the witness(es), or any party may elect to have the witness(es) review the videotape record of the deposition to check for errors or omissions and to note any changes. Any errors, omissions or changes, and the reasons for making them, shall be stated in writing, signed by the witness(es), delivered to the notary in a sealed envelope and filed in the same fashion as described in Paragraph 17 below, unless the parties agree on the record to a different procedure.

7.     The operator shall select and supply all equipment required to videotape the deposition and shall determine all matters of staging and technique, such as number and placement of cameras and microphones, lighting, camera angle, and background. The operator shall determine these matters in a manner that accurately reproduces the appearance of the witness(es) and assures clear reproduction of both the witness(es)' testimony and the statements of counsel. The witness(es), or any party to the action, may object on the record to the manner in which the operator handles any of these matters. Any objections shall be considered by the Court in ruling on the admissibility of the videotape record. All such objections shall be deemed waived unless made promptly after the objector knows, or had reasonable grounds to know, of the basis of such objection.

8.     The deposition shall be recorded in a fair, impartial and objective manner. The videotape equipment shall be focused on the witness(es); however, the operator may, when necessary or appropriate, focus upon charts, photographs, exhibits, or like material being shown to the witness(es).

/ / / /

9.   Before examination of the Witness(es) begins, the Assistant U.S. Attorney shall state on the record Her/His name; the date, time and place of the deposition; the name of the Witness(es); the identity of the parties and the names of all persons present in the deposition room. The court reporter shall then swear the Witness(es) on the record. Prior to any counsel beginning an examination of the witness(es), that counsel shall identify himself/herself and his/her respective client on the record.

10.   Once the deposition begins, the operator shall not stop the videotape recorder until the deposition concludes, except that, any party or the witness(es) may request a brief recess, which request will be honored unless a party objects and specifies a good faith basis for the objection on the record. Each time the recording is stopped, the operator shall state on the record the time the recording stopped and the time it resumed. If the deposition requires the use of more than one tape, the operator shall sequentially identify on the record the end and beginning of each tape.

11.   All objections both as to form and substance shall be recorded as if the objection had been overruled. The Court shall rule on objections at the appropriate time. The party raising the objection(s) shall prepare a transcript for the Court to consider. All objections shall be deemed waived unless made during the deposition.

12.   The party offering the deposition into evidence at trial shall provide the Court with a transcript of the portions so offered.

13.   Copies of all exhibits utilized during the videotaped deposition shall be attached to the videotaped record.

14.   At the conclusion of the deposition, any objection, including the basis, to release of the material witness(es) from custody shall be stated on the record. If there is no objection, the attorney for the material witness(es) shall immediately serve all parties with a "Stipulation and Proposed Order for Release of the Material Witness(es)" and submit the Order to the Clerk of the Court for the Judge's signature. Prior to release from custody the attorney for the Government shall serve the material witness(es) with a subpoena for the trial date and a travel fund advance letter.

/ / / /

/ / / /

15. The operator shall provide a copy of the videotape deposition to any party who requests a copy at that party's expense. After preparing the requested copies, if any, the operator shall deliver the original videotape to the notary along with a certificate signed by the operator attesting that the videotape is an accurate and complete record of the videotaped deposition. The notary shall file the original tape and certification with the Clerk of Court in a sealed envelope marked with the caption of the case, the name of the witness(es) and the date of the deposition.

16. The notary shall file with the Clerk of Court in a sealed envelope the original videotape, along with any exhibits offered during the deposition. The sealed envelope shall be marked with the caption of the case, the name of the witness(es) and the date of the deposition. To that envelope, the notary shall attach the certificate of the operator. If all counsel stipulate on the record, the Government may maintain the original videotape until production is ordered by the Court or requested by any party.

17. Unless waived by the parties, the notary shall give notice to all parties of the filing of the videotaped deposition with the Court pursuant to Federal Rule Civil Procedure 30(f)(3).

18. If any party objects on the record to the release of the material witness(es) from custody, the objecting party must request in writing a hearing on the issue before the federal judge who is assigned the case or to such other district judge or magistrate judge as they designate. Notice of the Request for Hearing must be served on all parties and filed with the Clerk of Court within twenty-four (24) hours after the completion of the deposition, with a courtesy copy to chambers. The Court will set a briefing schedule, if appropriate, and a date and time for the objection to be heard as soon as reasonably practicable. At the hearing, the objecting party must establish to the Court's satisfaction an appropriate legal basis for the material witness(es) to remain in custody. If, after the

/ / / /

/ / / /

/ / / /

/ / / /

/ / / /

/ / / /

1  hearing, the Court orders the release of the material witness(es), the material witness(es)' attorney

2  shall immediately present the release order to the Court for signature and filing.  Before release of

3  the material witness(es) from custody, the Government shall serve the material witness(es) with a

4  subpoena for the trial date and a travel fund advance letter.

5       IT IS SO STIPULATED BY AND BETWEEN THE PARTIES.

6                                        UNITED STATES ATTORNEY
                                         Karen P. Hewitt

7

8  DATED: _6/18/08_          By: _____
                                         Dale Blankenship
9                                        Assistant United States Attorney

10

11  DATED: _6-18-08_          _____
                                         Gary Edwards,
12                                        Attorney for Defendant

13

14  DATED: _6-9-08_           _____
                                         Alan E. Ferguson,
15                                        Attorney for Witness(es)

16

17     **IT IS SO ORDERED.**

18

19

20  DATED: _6/19/08_

21                                        _____
                                         Marilyn L. Huff
22                                        United States District Court Judge

23

24

25

26

27

28

5